# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ALPHONSUS LAI, )<br>      Plaintiff, )<br> )<br>   v. )<br> )<br>BECKY NGOC TA, )<br>      Defendant. ) | CAUSE NO.: 2:18-CV-456-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant Ta's Motion to Dismiss Pursuant to Federal Rule [of] Civil Procedure 12(b)(6) [DE 9], filed on January 23, 2019. Defendant Becky Ngoc Ta seeks dismissal of employment discrimination claims brought in the Complaint. Plaintiff Alphonsus Lai filed a response on February 4, 2019. Ta did not file a reply.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**I.    Background**

Plaintiff Lai alleges that he was hired by Defendant Ta to work as a "subcontractor" five days a week at a tanning and nail salon. Lai alleges that, in his second week on the job, Ta vehemently insulted and harassed Lai for failing to serve alcohol to a customer even though Lai did not have a license to serve alcohol. Ta allegedly continued to harass Lai about declining to serve alcohol, and other issues with Lai's work performance, over the following weeks.

According to Lai, on May 19, 2018, Indiana excise police ordered Ta to stop serving alcohol without a license. After this, Ta "said she regrets [hiring the] old guy. [The] [o]ld guy never did [a]

1

good job like [the] young workers and she repeated many time[s] [that] I am worse than beginners in front of my coworkers." Lai states that Ta "defamed my character and my work experience," and that Ta did not insult or harass other employees in the same manner. Lai alleges that because of these disagreements, his job duties were restricted, and he was eventually permitted to work only on weekends, and left with "no choice [but to quit] my job." On the first page of the Complaint, Lai states that his action is brought pursuant to the Age Discrimination in Employment Act (ADEA).

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

2

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted).

Lai's allegations were drafted *pro se*, without the assistance of an attorney, and therefore are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

**III. Analysis**

In the instant Motion, Ta moves to dismiss the Complaint because the ADEA does not permit liability against individual employees and because Lai has not sufficiently alleged an ADEA claim.

In his Complaint, Lai refers to Ta as the owner of H20 Tanning and Nails, Lai's employer. Lai also refers to Ta as his boss. For the purpose of ruling on a motion to dismiss, the Court accepts as true the allegations that Ta is the owner and was Lai's boss, that is, a supervisor. Thus, the question before the Court is whether an owner or a supervisor can be liable for employment discrimination under the ADEA.

The ADEA forbids discrimination by "employers," and the ADEA's definition of employer mirrors the definitions of employer in both the Americans with Disabilities Act (ADA) and Title VII of the Civil Rights Act of 1964. *E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-80 (7th Cir. 1995). "Courts routinely apply arguments regarding individual liability to all three statutes interchangeably." *Id.* at 1280. Neither a supervisor nor an owner is an "employer" for the purpose of liability under the ADEA. *See Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (holding that a supervisor is not an "employer"); *Aic Sec. Investigations, Ltd.*, 55 F.3d at 1279-82 (rejecting individual liability under the ADEA and holding that an owner and sole shareholder is not an employer); *see also Behning v. Roembke Mfg. & Design, Inc.,* No. 1:08-CV-71, 2009 WL 1952351, at *3-5 (N.D. Ind. July 6, 2009) (quoting *Aic Sec. Investigations, Ltd.*). Because neither an owner nor a supervisor is an employer for the purpose of liability under the ADEA,[1] the motion to dismiss is granted on this basis.

Lai's Complaint also states that Ta "defamed my character and my work experience." The Complaint does not allege a legal claim for defamation. To the extent Lai intends to state a claim for defamation under Indiana law, he would have to identify a false communication with "defamatory imputation," made with malice, "publication" of the communication to a third person, and damages. *Trail v. Boys & Girls Clubs of Nw. Indiana*, 845 N.E.2d 130, 136 (Ind. 2006); *Schrader v. Eli Lilly & Co.*, 639 N.E.2d 258, 261 (Ind. 1994) (citations omitted).

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the Motion to Dismiss [DE 9], and

---

[1] If a showing of fraud or promotion of injustice is made, a supervisor might be individually liable if that supervisor is an alter ego of an employer corporation. *Worth v. Tyler*, 276 F.3d 249, 262 (7th Cir. 2001). The allegations in the Complaint do not sufficiently allege fraud or promotion of injustice, so this exception is not material here.

**ORDERS** that the Complaint be dismissed without prejudice. Generally, a plaintiff is given an opportunity to amend the complaint at least once, even after it has been dismissed. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013) (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[A] plaintiff ordinarily retains the ability to amend his complaint once as a matter of right, even after a court grants a motion to dismiss.")); *see also Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) (courts should provide *pro se* litigants "ample opportunity for amending the complaint" so that claims are adjudicated on the merits). If Lai wishes to change or add to his Complaint, he must file a new, Amended Complaint by **June 24, 2019**.

SO ORDERED this 24th day of May, 2019.

                                           s/ John E. Martin
                                           MAGISTRATE JUDGE JOHN E. MARTIN
                                           UNITED STATES DISTRICT COURT

cc:      All counsel of record, Plaintiff *pro se*