**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| ALPHONSUS LAI, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:18-CV-456-JEM |
| ) | |
| H2O TANNING AND NAILS, ) | |
|     Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant H2O Tanning and Nail's Motion to Dismiss Pursuant to Federal Rule Civil Procedure 12(b)(1) and 12(b)(6) [DE 24], filed on August 9, 2019. Defendant H2O Tanning and Nails seeks dismissal of the Amended Complaint for lack of jurisdiction. Plaintiff Alphonsus Lai did not file a response, and the time to do so has passed.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**I.    Background**

Plaintiff Lai filed his initial complaint on December 5, 2018, alleging age discrimination claims against then-Defendant Becky Ngoc Ta. On May 24, 2019, the Court dismissed the complaint without prejudice, finding that Ta was not Lai's "employer" and therefore not liable under the Age Discrimination and Employment Act. Lai filed an Amended Complaint, listing H2O Tanning and Nails as the sole defendant.

In brief, the Amended Complaint alleges as follows: Plaintiff Lai was hired by H2O to work as a "sub-contractor" five days a week. Lai alleges that "Mrs. Ta," his boss and the owner of H2O,

1

vehemently insulted and harassed Lai for declining to serve alcohol to a customer even though H2O did not have a license to serve alcohol. Lai states that, after a customer complained about his work, Ta restricted Lai from doing acrylic nails and gel manicures, and limited him to manicures and pedicures. Lai alleges that younger workers who received customer complaints were not restricted from those services, and that Ta "used this complaint to retaliate against me and to try to get rid of me after I refused to serve alcohol illegally."

Lai alleges that, in his third week on the job, Indiana excise police ordered H2O to stop serving alcohol without a license. At that point, Ta "insulted [Lai] again" in front of coworkers: "You are a troublemaker. I regret hiring old man. Old man never perform a good job like young workers and is worse than a beginner." After this, Ta was permitted to work only on weekends, and left with "no choice [but to quit] my job." On the first page of the Amended Complaint, Lai states that this action is brought for "[e]mployer retaliation after employee refused to commit illegal act." H2O seeks to dismiss the Amended Complaint for lack of subject matter jurisdiction.

## II.     Standard of Review

A defendant can make two types of challenges to jurisdiction under Rule 12(b)(1): (1) a facial attack that challenges the sufficiency of the allegations of jurisdiction in the pleadings; and (2) a factual attack that challenges the truth of the jurisdictional facts alleged in the pleadings. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (citations omitted). Defendant's motion raises a facial attack, and therefore the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Rueth v. United States Environmental Protection Agency*, 13 F.3d 227, 229 (7th Cir. 1993). As with a motion to dismiss under Rule 12(b)(6), the plaintiff must provide "a short and plain statement of the claim

showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). An employment discrimination plaintiff does not need to explicitly plead a *prima facie* case, as long as his claim satisfies the notice pleading standard. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002).

Lai's allegations were drafted *pro se*, without the assistance of an attorney, and therefore are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

## III. Analysis

H2O argues that the Amended Complaint contains only a state law claim for constructive discharge, and therefore falls outside of the Court's jurisdiction. However, in addition to Lai's claim that H2O retaliated against him for declining to serve alcohol, the Amended Complaint contains sufficient facts to support a claim for age discrimination under the Age Discrimination and Employment Act (ADEA), 29 U.S.C. §§ 621–634.

Lai states that "[w]hen the other younger-aged coworkers had complaints from customers, Mrs. Ta never insulted them. . . . Mrs. Ta never restricted the younger workers from performing the same services if they had customer complaints." Lai alleges that, after an incident with the excise police, Ta admonished him in front of other co-workers: "You are a troublemaker. I regret hiring old man. Old man never perform a good job like young workers and is worse than a beginner." The allegations, if true, suggest that H2O "limit[ed], sergregate[d], or classif[ied]" Lai in a way that

3

would "adversely affect his status as an employee, because of [his] age." 29 U.S.C. § 623(a)(2).

Defendant argues that the Amended Complaint "does not contain any evidence or argument that [Lai's alleged demotion] occurred solely due to discrimination on the basis of age." Lai states repeatedly throughout the Amended Complaint that he believes he was retaliated against because of his failure to serve alcohol, and specifically says "that is why I am filing a complaint against H2O Tanning and Nails." Am. Compl. ¶ 1. But Lai does not need to state that his demotion occurred solely because of age to sustain an ADEA claim. A plaintiff can sustain a *prima facie* case under the ADEA with indirect evidence of discrimination, by showing that "(1) he was over forty years of age; (2) he was meeting his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated, substantially younger employees were treated more favorably." *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771–72 (7th Cir. 2002) (citing *Wade v. Lerner New York, Inc.*, 243 F.3d 319, 322 (7th Cir. 2001)).

Although Lai alleges that he was discriminated against for other reasons, his factual allegations also suggest that he was adversely classified because of his age. At the pleading stage, the law does not require Lai to plead a specific legal theory corresponding to those facts; the inquiry is "whether any set of facts consistent with the complaint would give him a right to recover, no matter what the legal theory." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (citations omitted); *see also Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.1998) (holding that at the pleading stage, no complaint should be dismissed "unless no relief could be granted under any set of facts that could be proved consistent with the allegations") (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). That standard is consistent with the requirement that *pro se* pleadings should be "liberally construed." *Erickson*, 551 U.S. at 94; *see also Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir.

1999) (holding that a *pro se* complaint should be dismissed for failure to state a claim "only if it appears 'beyond doubt'" that the plaintiff is not entitled to relief) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Taking Lai's allegations as true for the purposes of the motion to dismiss, the Court finds that Lai has pled sufficient facts to state a claim under the ADEA. Because the ADEA is a federal statue, the claim "aris[es] under" federal law, and the Court has federal question jurisdiction over the claim. *See* 28 U.S.C. § 1331. Plaintiff's claim that he was retaliated against for failing to serve alcohol is sufficiently related to his age discrimination claim to form "part of the same case or controversy," and therefore, to the extent a state law claim arises from that allegation, the Court assumes supplemental jurisdiction of that claim. 28 U.S.C. § 1367(a); *see also Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010) (holding that a court's decision to exercise supplemental jurisdiction of a related state law claim is "squarely within its discretion").

## IV.     Conclusion

For the foregoing reasons, the Court hereby **DENIES** Defendant H2O Tanning and Nail's Motion to Dismiss Pursuant to Federal Rule Civil Procedure 12(b)(6) [DE 24]. The Court **SETS** this matter for a status conference on **November 21, 2019, at 11:00 a.m.** (Central Time). Plaintiff Alphonsus Lai is ordered to be present **in person** for the hearing. Counsel of record for Defendant may participate telephonically with notice within 48 hours in advance of the status conference to the Courtroom Deputy, Sue Brown-Nickerson, at (219) 852-6703 or sue_brown@innd.uscourts.gov.

SO ORDERED this 9th day of October, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record, Plaintiff *pro se*

5